## SLAMEY et v. CITY MATERIAL CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8473. Decided Apr. 23, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**TRIAL.**

(590 E3h) Exhibits held competent for purpose of showing order for and delivery of materials for which a recovery and mechanic's lien were sought.

**REAL ESTATE.**

(510 Mc) Claim that certain material furnished for job came from another source, held not sustained by the evidence.

**PLEADINGS.**

(440 P) Claim that petition insufficient held untenable where evidence submitted created a situation whereby counsel tried on · issue as if there was no infirmity in the petition.

*Error to Common Pleas.*

Judgment affirmed.

Simmons, DeWitt & Vilas, Cleveland, for Slamey.

Soltz & Morris, Cleveland, for Material Co.

### STATEMENT OF FACTS.

The issues to be determined in this Court arise from the cross-petitioner, The City Material Co., as against Joseph P. Slamey, against whom judgment was rendered in the court below and in favor of The City Material Co.

The cross-petition alleges that it furnished certain materials to one Joseph Antine and that the defendant, Slamey, was the owner of the premises described and the cross-petition further alleges that the material had been used upon the premises and further asserts that it had filed an affidavit for mechanic's lien within the statutory time. The defendant below admitted that he owned the premises described, that an affidavit to obtain a lien had been filed and that he had received a copy from plaintiff, but denies the delivery of the materials and that there was any authority for the establishing of a mechanic's lien.

There are certain exhibits in the case which were offered by the cross-petitioner below, which purported to show the order for and the delivery of the materials for which recovery is sought, and for which a lien is claimed. It

is urged that the court committed prejudicial error in admitting these exhibits as evidence in the case.

SULLIVAN, PJ.

We have examined this claim of error and we find from the record that a competent witness identified the signatures attached to the exhibits in question and that the signatures were either that of the contractor or his brother, both of whom were on the job where the material ordered is claimed to have been delivered, and there is credible evidence in the record, although there is conflict upon the point, that the materials ordered went into the premises of the owner of the property, and that the owner, if he did not originally order the materials, ratified the act of the contractor and his brother aforesaid, in accepting the material and having knowledge that it went into the building.

In our judgment, these exhibits, under the record, were competent for the purpose of showing the order and delivery to Slamey of the materials for which a recovery and lien is sought. This being so, the question is reduced in the final analysis to the issue as to whether the judgment is clearly and manifestly against the weight of the evidence, and inasmuch as there is credible evidence to support the contention of the cross-petitioner, we are bound to follow the authorities which are universal in Ohio that a reviewing court cannot reverse upon the weight of the evidence excepting as a matter of law.

It is claimed that the plaster and lath came from another source than The City Material Co., but upon this point there is a conflict in the evidence and under the authorities there is some evidence of a substantial nature to bear out the contention that this material came from the cross-petitioner.

It is claimed that the petition is insufficient on the ground that there is no allegation that the owner had any contract with the party who purchased the materials. This brings us back to the record again, as it appears from the exhibits that the persons who signed the order and received the materials were authorized in the premises, and if they were not originally, there is credible evidence that their act was ratified by the owner subsequently by accepting the property. This status applies to the charge which is made as to the mechanic's lien. It is true that with reference to that subject, the statutes must be followed but we think from the evidence in the case that the owner is linked up by sufficient credible evidence with the purchasers of the materials and inasmuch as this situation is apparent from the record we do not think that the case of The United States Mortgage & Trust Co. v. M. M. Wood, et al, 19 O.C.C. 358, is at issue with our holding here. It is our judgment that the evidence submitted on this question created a situation whereby counsel in the case tried the issue as if there was no infirmity whatsoever with the petition itself. Notwithstanding Jones on Evidence. p. 1037, Sec. 820; Wills v. Russell 100 U.S. 621, Syll. 1, and other similar authorities, we think there was no prejudicial error from a survey of the entire record and that substantial justice has been done.

Thus holding the judgment of the lower court is hereby affirmed.

(Vickery and Levine, JJ., concur.)